**Delores PICKENS, Respondent,**

v.

**WALGREEN COMPANY, Appellant.**

No. ED 78071.

Missouri Court of Appeals, Eastern District, Division One.

June 19, 2001.

James D. O'Leary, Wuesling & James, L.C., St. Louis, MO, for appellant.

Todd I. Muchnick, Kodner, Watkins, Muchnick & Dunne, L.C., St. Louis, MO, for respondent.

Before ROBERT G. DOWD, Jr., P.J., MARY RHODES RUSSELL, and RICHARD B. TEITELMAN, JJ.

### ORDER

PER CURIAM.

Walgreens Co. ("Appellant") appeals from the trial court's denial of its motions for a new trial, directed verdict and judgment notwithstanding the verdict. For its first point on appeal, Appellant argues that the trial court erred in denying its motion for a new trial because plaintiff's verdict director constituted a "roving commission" which invited the jury to speculate as to what acts or omissions Appellant could be held liable for. Second, Appellant argues that the trial court erred in denying its motion for a new trial because the court allowed inadmissible and irrelevant evidence of previous crimes on Appellant's premises. Appellant's third and final point is that the trial court erred in denying Appellant's motion for directed verdict and judgment notwithstanding the verdict because plaintiff failed to produce sufficient

evidence of similar crimes on Appellant's premises to establish a duty under the violent crimes theory of liability.

We have reviewed the briefs and the record on appeal. The trial court did not abuse its discretion and the evidence was sufficient to support the verdict. An extended opinion would have no precedential value. We have, however, furnished the parties with a memorandum for their use only, which explains the reasons for this decision. The judgment is affirmed pursuant to Rule 84.16(b).